**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————————
                                          )
JONATHAN BOURDON and                      )
JEFFREY G. WALLS,                         )
                                          )
            Plaintiffs,                   )
                                          )
      v.                                  )     Civil Action No. 09-1506 (RBW)
                                          )
CHUCK CANTERBURY, et al.,                 )
                                          )
            Defendants.                   )
———————————————————————)

## MEMORANDUM OPINION

      The plaintiffs, Jonathan Bourdon and Jeffrey G. Walls, bring this civil action against the

defendants in their official capacities as labor union representatives for the Fraternal Order of

Police based upon the defendants' alleged violations of a Collective Bargaining Agreement

("CBA").  See Amended Complaint ("Am. Compl.") ¶¶ 64-80.  Currently before the Court is the

motion to dismiss of defendants Marcello Muzzatti, Anthony Meely, Norris Mitchell, Gerald

Lee, John Beach, and John Bradcomb (collectively, the "defendants"), asserting, among other

things, that this Court lacks subject matter jurisdiction.  After carefully considering the plaintiffs'

Amended Complaint, the defendants' motion to dismiss, and all memoranda of law relating to

that motion,[1] the Court concludes for the following reasons that the defendants' motion must be

granted.

---

[1] In addition to the Amended Complaint and the defendants' motion, the Court considered the following submissions in reaching its decision: (1) the Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss Amended Complaint ("Defs.' Mem."); (2) the Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Pls.' Opp'n"); and (3) the Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Defs.' Reply").

# I. BACKGROUND

Both plaintiffs were formerly employed as federal police officers with the Naval District of Washington ("Naval District").  Am. Compl. ¶¶ 2-3.  Bourdon was employed with the Naval District from June 17, 1996, until the Naval District terminated his employment on May 26, 2007.  Id. ¶¶ 2, 42.  During his nearly eleven-year tenure with the Naval District, Bourdon filed various grievances with the Naval Equal Employment Opportunity Office, the Department of Defense's Office of Complaint Investigation, and the United States Equal Employment Opportunity Commission ("EEOC") concerning alleged discriminatory and retaliatory practices at the Naval District.  See id. ¶¶ 18-37.  Although he was a dues-paying member of the Fraternal Order of Police of the Naval District of Washington Labor Committee (the "Union"), id. ¶ 15, Bourdon alleges that the Union "failed to properly represent [him] to contest the intentional violation of laws, discrimination and retaliation against [him]" and consequently "failed in its duty to properly defend and represent Bourdon as an active member of the [Union]" as required by the CBA, id. ¶ 38.

Walls was employed by the Naval District as a police officer at the United States Naval Observatory from April 2001, to May 8, 2009, at which point his employment was terminated.  Id. ¶¶ 45, 59.  He too was a dues-paying member of the Union.  Id. ¶ 45.  Similar to Bourdon, Walls alleges that, during his employment with the Naval District, he submitted "two formal EEOC complaints and countless other grievances" concerning alleged discriminatory and retaliatory practices at the Naval District, id. ¶¶ 46-58, but that the Union "failed in its duty [under the CBA] to properly defend and represent Walls as an active member of the [Union]," id. ¶ 43.

The plaintiffs instituted this action on August 11, 2009, and thereafter filed their Amended Complaint on September 30, 2010.  The various defendants are Union employees and representatives whom the plaintiffs are suing in their official capacities.  Id. ¶¶ 4-13.  The Amended Complaint sets forth two counts: Count I for breach of contract, id. ¶¶ 64-73, and Count II for breach of fiduciary duty, id. ¶¶ 74-80.  Both counts are predicated on the defendants' alleged violations of the CBA.  See id. ¶¶ 64-80.  The plaintiffs request compensatory damages, punitive damages, and attorneys' fees and costs.  Id. at 16.

On October 18, 2010, the defendants moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that this Court lacks subject matter jurisdiction and that the Amended Complaint fails to state a claim upon which relief can be granted.[2]  Specifically, the defendants assert that this Court lacks diversity jurisdiction, Defs.' Mem. at 8, and that the plaintiffs' claims are preempted by federal labor law, id. at 11, 16.  In opposition to the defendants' motion, the plaintiffs argue that this Court has subject matter jurisdiction based upon the defendants' alleged violations of the CBA, Pls.' Opp'n at 4, and on the basis of diversity jurisdiction, id. at 10.  The plaintiffs further maintain that their claims are not federally preempted.  Id. at 11.

## II.  STANDARD OF REVIEW

### A.    Rule 12(b)(1) Motion to Dismiss

When a party moves to dismiss under Rule 12(b)(1), "the plaintiff[ ] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction."  Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d 172, 176 (D.D.C. 2004).  A court considering a Rule 12(b)(1) motion must accept "'all of the factual allegations in the complaint as

---

[2] Because the Court renders its ruling on jurisdictional grounds, it need not reach the defendants' arguments in favor of dismissal pursuant to Rule 12(b)(6).

true.'"  Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005) (quoting

Sloan v. U.S. Dep't of Hous. & Urban Dev., 236 F.3d 756, 759 (D.C. Cir. 2001)) (alteration

omitted).  In addition to considering the undisputed facts in the record in resolving a Rule

12(b)(1) motion, Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992), the

Court may also consider "materials outside the pleadings," Jerome Stevens, 402 F.3d at 1253.

### III.  ANALYSIS

The defendants argue that this Court lacks subject matter jurisdiction over the plaintiffs'

claims arising out of the defendants' alleged violations of the CBA as a consequence of Title VII

of the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7101.  Defs.' Mem. at 11.  The

Court agrees.

Title VII of the CSRA "governs labor relations between federal agencies and their

employees."  AFGE v. Loy, 367 F.3d 932, 935 (D.C. Cir. 2004).  Section 7118 authorizes the

Federal Labor Relations Authority ("FLRA"), an administrative body, to adjudicate "unfair labor

practice complaints" and "order remedial action appropriate to carry out the purposes of Title

VII."  Karahalios v. National Fed'n of Fed. Employees, 489 U.S. 527, 532 (1989); see 5 U.S.C. §

7118.  District courts do not have concurrent jurisdiction over matters within the FLRA's

purview.  Loy, 367 F.3d at 935 (citing Karahalios, 489 U.S. at 533).

Section 7114(a)(1) of the CSRA imposes on unions a duty of fair representation, under

which "a labor organization that has been accorded the exclusive right of representing employees

in a designated unit 'is responsible for representing the interests of all employees in the unit it

represents without discrimination and without regard to labor organization membership.'"

<u>Karahalios</u>, 489 U.S. at 531 (quoting 5 U.S.C. § 7114(a)(1)).[3]  "[A] breach of the duty of fair

representation is an unfair labor practice [under the CSRA], for [the Act] provides that it is 'an

unfair labor practice for a labor organization . . . to otherwise fail or refuse to comply with any

provision of this chapter.'"  <u>Id.</u> at 532 (quoting 5 U.S.C. § 7116(b)(8)).  Because a union's breach

of its duty of fair representation qualifies as an "unfair labor practice" under the CSRA, claims

for such a breach are within the FLRA's exclusive jurisdiction.  <u>See</u> <u>Steadman v. Governor,</u>

<u>United States Soldiers' & Airmen's Home</u>, 918 F.2d 963, 966 (D.C. Cir. 1990) ("the FLRA

enjoys exclusive jurisdiction over a claim of a union's breach of its duty of fair representation");

<u>see also Karahalios</u>, 489 U.S. at 533 (holding that, under the CSRA, federal sector union

members have no private right of action against their unions for breaches of the duty of fair

representation).

  Here, it is undisputed that the Union is a "labor organization that has been accorded the

exclusive right of representing employees" of the Naval District.  <u>See</u> Defs.' Mem. at 11-12; Pls.'

Opp'n at 16.  Although the plaintiffs couch their claims in terms of breach of contract and breach

of fiduciary duty, the Amended Complaint reveals that the alleged factual basis for this action is

the Union's "fail[ure] to properly defend and represent" the plaintiffs in accordance with the

CBA.  Am. Compl. ¶¶ 38, 43, 68-69, 76.  The plaintiffs' claims are nothing more than thinly-

disguised claims for breach of the duty of fair representation.  <u>Cf.</u> <u>Buesgens v. Coates</u>, 435 F.

Supp. 2d 1, 4 (D.D.C. 2006) (holding that the plaintiff's claims based upon the union's failure to

represent him fairly under Title VII's retaliation provisions "amount[ed] to nothing more than an

---

[3] 5 U.S.C. § 7114(a)(1), in its entirety, provides as follows: "A labor organization which has been accorded exclusive recognition is the exclusive representative of the employees in the unit it represents and is entitled to act for, and negotiate collective bargaining agreements covering, all employees in the unit. An exclusive representative is responsible for representing the interests of all employees in the unit it represents without discrimination and without regard to labor organization membership."

allegation that [the National Treasury Employees Union] breached [its] duty of fair representation" and consequently finding that the "plaintiff's complaint [could] only be brought before the FLRA").  Because the FLRA has exclusive jurisdiction over such claims, this Court lacks subject matter jurisdiction and the plaintiffs' claims must therefore be dismissed.  See Steadman, 918 F.2d at 966.

Without addressing the issue of the FLRA's exclusive jurisdiction, the plaintiffs assert that this Court has jurisdiction over their duty of fair representation claims under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Labor Management Reporting and Disclosure Act ("LMRDA"), 29. U.S.C. § 401.  See Pls.' Opp'n at 13, 16.  The plaintiffs, however, may not bypass the CSRA's comprehensive statutory scheme by framing their duty of fair representation claims as violations of the LMRA and LMRDA.[4]  As the District of Columbia Circuit has recognized in discussing the CSRA, "Congress passed an enormously complicated and subtle scheme to govern employee relations in the federal sector, including the authorization of collective bargaining.  It follows, then, that federal employees may not circumvent that structure."  Steadman, 918 F.2d at 967; see also Karahalios, 489 U.S. at 536-37 ("To be sure,

---

[4] Even if the FLRA's exclusive jurisdiction was a non-issue here, the plaintiffs' attempts to invoke the LMRA would still fail because that Act applies only to private sector labor relationships; federal sector employers, employees, and unions are expressly excluded under the definitions section of the Act.  See 29 U.S.C. § 142(3) (incorporating by reference 29 U.S.C. § 152, the definitions section of the National Labor Relations Act); id. § 152(2) (providing that the term "'employer' . . . shall not include the United States"); id. § 152(3) (providing that the term "'employee' . . . shall not include any individual employed . . . by any other person who is not an employer as herein defined [e.g., the United States]"); id. § 152(5) (defining the term "labor organization" as "any organization of any kind . . . in which employees participate and which exists for the purpose . . . of dealing with employers" (emphasis added)); see also Pacific Mar. Ass'n v. Local 63, Int'l Longshoremen's & Warehousemen's Union, 198 F.3d 1078, 1081 (9th Cir. 1999) (holding that the LMRA does not apply to public sector unions); Richards v. Ohio Civil Serv. Employees Assoc., 205 Fed. App'x 347, 354 (6th Cir. 2006) ("the LMRA expressly excludes public employers—and by association, public employees—from its coverage.").  And while the District of Columbia Circuit has held that the LMRDA does apply to "mixed unions" consisting of both private and public employees, see Wildberger v. AFGE, 86 F.3d 1188, 1193 (D.C. Cir. 1996), there is no indication that the Union here fits this category.  Nor does it appear to the Court, in any event, that the plaintiffs' allegations support anything other than a claim under the CSRA for breach of the duty of fair representation.

courts play a role in CSRA § 7116(b)(8) fair representation cases, but only sitting in review of the FLRA.  To hold that the district courts must entertain such cases in the first instance would seriously undermine what we deem to be the congressional scheme, namely to leave the enforcement of union and agency duties under the Act to the General Counsel and the FLRA and to confine the courts to the role given them under the Act.").  In short, the appropriate venue for the plaintiffs to pursue their claims is the FLRA.[5]

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction and that the defendants' motion to dismiss the Amended Complaint pursuant to Rule 12(b)(1) must be granted.

**SO ORDERED** this 26th day of September, 2011.[6]

REGGIE B. WALTON
United States District Judge

---

[5] The plaintiffs further argue that the Court has diversity jurisdiction over their claims. Pls.' Opp'n at 10-11.  This contention misses the mark.  The only Counts alleged in the Amended Complaint are for breach of contract and breach of fiduciary duty.  See generally Am. Compl.  And as explained above, the Court lacks jurisdiction over these claims.  Thus, even assuming that the plaintiffs were able to satisfy the factual predicates for diversity jurisdiction, there are no claims asserted in the Amended Complaint over which the Court could exercise that jurisdiction.

[6] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.